

*U.S. Department of Justice*

*United States Attorney
District of New Jersey*

_____

| | | |
|---|---|---|
| *Lauren E. Repole* | | |
| *Shawn P. Barnes* | *970 Broad Street, 7th floor* | *973-645-2700* |
| *Assistant United States Attorneys* | *Newark, New Jersey 07102* | |

December 13, 2023

Hon. Christine P. O'Hearn
United States District Judge
Mitchell H. Cohen Federal Building
   and United States Courthouse
4th & Cooper Streets
Camden, New Jersey 08608

        Re:    <u>U.S. v. James Patten, Peter Coker, Sr. & Peter Coker, Jr.</u>
               Crim. No. 22-643 (CPO)

Dear Judge O'Hearn:

      The Government writes in response to Your Honor's December 5, 2023 text order in which the Court directed the Government to advise the Court as to the status of and any changes to Defendant Peter Coker, Jr.'s ("Coker, Jr." or the "Defendant") access to the law library after contacting the Defendant's detention facility.

      The Defendant is currently detained pending trial at the Essex County Correctional Facility ("ECCF"). While he is detained at ECCF, he is in the custody of the United States Marshals Service ("USMS"), which contracts with ECCF to house federal detainees. Therefore, procedurally, the Government is required to go through the USMS about matters related to Coker, Jr.'s detention at ECCF.

      In advance of Counsel for the Defendant's submission to the Court, ECF No. 94, Counsel reached out seeking the Governments consent to the Defendant's proposed order (the "Proposed Order") seeking that the Court order that the Defendant receive "the maximum amount of time possible in the library per week through the conclusion of trial in this matter" so the Defendant can review discovery. ECF No. 94-1. According to the USMS, which inquired with ECCF, in or around October 2023, Coker, Jr. was removed from a list of detainees who are provided additional access to the library (the "Library List"). While the Defendant does not currently get additional library time, he still has access to the library. According to the USMS, ECCF's explanation was that detainees rotate on and off the Library List because of resource and time constraints. The Government communicated with the USMS the importance of the Defendant's access to discovery and sought guidance from the USMS on how to address the Defendant's concerns.

The USMS advised that it would be helpful for the Defendant to seek execution of the Proposed Order from the Court, further advising to include language to make clear that the Defendant's access should be for the duration of trial in this matter. This proposed language was incorporated by the Defendant's Counsel. In addition, the USMS advised that Counsel could bring a laptop containing the discovery to ECCF, where they would be provided space to review discovery with the Defendant. The Government communicated this information to Counsel.

Subsequent to the Court's text order, the USMS advised that it remains the best course to seek the Court's execution of the Proposed Order. Once executed, the Government will provide the Proposed Order to the USMS, which will in turn provide the executed order to ECCF and reiterate the importance of keeping the Defendant on the Library List.

If the Court requires any further information, the Government is happy to provide it.

.

                                            Respectfully submitted,

                                            PHILIP R. SELLINGER
                                            United States Attorney

By:    LAUREN E. REPOLE
        SHAWN P. BARNES
        Assistant U.S. Attorneys

cc.   William McGovern, Esq.
      John Azzarello, Esq.
      Counsel for the Defendant