

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

LER/SPB PL AGRT
2021R00442

July 14, 2023

Ira Lee Sorkin, Esq. &
Adam K. Brody, Esq.
Mintz & Gold, LLP
600 Third Avenue
25th Floor
New York, New York 10016

   Re: <u>Plea Agreement with James Patten</u>

Dear Messrs. Sorkin and Brody:

  This letter sets forth the plea agreement between your client, James Patten ("PATTEN"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **July 28, 2023**, if it is not accepted in writing by that date. If PATTEN does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from PATTEN to Counts One and Two of the Indictment, Criminal No. 22-CR-643 (CPO) (the "Indictment"). Count One charges PATTEN with conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 and Count Two charges PATTEN with securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. If PATTEN enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against PATTEN for the conduct described in the Indictment. In addition, if PATTEN fully complies with this agreement, at sentencing, this Office will move to dismiss Counts Three through Twelve of the Indictment.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and

initiate any other charges against PATTEN even if the applicable statute of limitations period for those charges expires after PATTEN signs this agreement, and PATTEN agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 charged in Count One of the Indictment to which PATTEN agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5 to which PATTEN agrees to plead guilty in Count Two of the Indictment carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on PATTEN, the sentencing judge as part of the sentence:

(1) will order PATTEN to pay an assessment of $100 per count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order PATTEN to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order PATTEN pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offenses;

(4) may order PATTEN to pay the costs of prosecution;

(5) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(6) pursuant to 18 U.S.C. § 3583, may require PATTEN to serve a term of supervised release of not more than three years on both Counts One and Two, which will begin at the expiration of any term of imprisonment imposed. Should PATTEN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, PATTEN may be sentenced to not more than two years' imprisonment in addition

to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, PATTEN agrees to pay full restitution to the victims of Counts One and Two or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses.

Upon demand, PATTEN shall submit before sentencing a personal financial disclosure statement under oath, and, if requested, submit to interviews and/or deposition by the United States Attorney's Office and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. PATTEN expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. PATTEN fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property PATTEN receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), PATTEN agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offenses charged in Counts One and Two of the Indictment. PATTEN further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). PATTEN consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating PATTEN's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

PATTEN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. PATTEN understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. PATTEN waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of PATTEN's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

PATTEN further agrees that within 10 days after he enters his plea of guilty, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If PATTEN fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that PATTEN has intentionally failed to disclose assets on his Financial Disclosure Statement, PATTEN agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on PATTEN by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States

Probation Office of: (1) this agreement; and (2) the full nature and extent of PATTEN's activities and relevant conduct with respect to this case.

Stipulations

This Office and PATTEN will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and PATTEN waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

PATTEN understands that, if PATTEN is not a citizen of the United States, PATTEN's guilty plea to the charged offenses will likely result in PATTEN being subject to immigration proceedings and removed from the United States by making PATTEN deportable, excludable, or inadmissible, or ending PATTEN's naturalization. PATTEN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PATTEN wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause PATTEN's removal from the United States. PATTEN understands that PATTEN is bound by this guilty plea regardless of any immigration consequences. Accordingly, PATTEN

waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. PATTEN also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PATTEN. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration, Customs Enforcement, and the Securities and Exchange Commission) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude PATTEN from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between PATTEN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Lauren E. Repole
Shawn P. Barnes
Assistant U.S. Attorneys

APPROVED:

Desiree L. Grace
Deputy Chief, Criminal Division

I have received this letter from my attorneys, Ira Lee Sorkin, Esq. and Adam K. Brody, Esq. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: 11/3/23
James Patten

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. ~~My client understands this plea agreement fully and wants to plead guilty pursuant to it.~~ My client has advised me that he understands this plea agreement fully. Based upon the aforementioned discussions, I believe that representation to be truthful and accurate. *AKB*

_____           Date: November 13, 2023
Ira Lee Sorkin, Esq.
Adam K. Brody, Esq.
Counsel for Defendant

Plea Agreement with James Patten

Schedule A

1. This Office and James Patten ("PATTEN") agree to stipulate to the following facts:

    a. From at least as early as in or around 2014 through in or around September 2022, in Gloucester County, in the District of New Jersey, and elsewhere, PATTEN did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and prospective investors in Hometown International ("HWIN"), now renamed Makamer Holdings, and E-Waste, Corp. ("EWST"), now renamed EZRaider Global, Inc., by use of means and instrumentalities of interstate commerce and the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities (the "Securities Fraud Scheme").

    b. Patten willfully and knowingly combined, conspired, confederated, and agreed with Peter Coker, Sr., Peter Coker, Jr., and others (the "Co-Conspirators") to conduct the Securities Fraud Scheme (the "Conspiracy").

    c. By engaging in the Securities Fraud Scheme and the Conspiracy, PATTEN sought to enrich himself by manipulating the price of HWIN and EWST securities through a pattern of coordinated conduct intended to deceive, and by making and causing to be made fraudulent pretenses, representations, and promises to brokerage firms, market makers, market regulators, and the trading public, injecting inaccurate information into the marketplace, and creating false impressions of supply and demand for HWIN and EWST securities.

    d. The Securities Fraud Scheme and the Conspiracy involved sophisticated means and PATTEN engaged in conduct constituting sophisticated means within the meaning of U.S.S.G. § 2B1.1(b)(10)(C).

2. The parties reserve the right to argue the appropriate loss amount applicable to Counts One and Two of the Indictment, pursuant to U.S.S.G. § 2B1.1(b)(1).

     3. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.